**SHAMIS & GENTILE, P.A.**
Christopher Berman (Pro Hac Vice forthcoming)
cberman@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
Fax: (786) 623-0915

*Attorney for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| ROBERT LASORSA, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CLEARONE ADVANTAGE, LLC.,<br><br>*Defendant*. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff, Robert Lasorsa ("Plaintiff"), brings this action against Defendant, ClearOne Advantage, LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**NATURE OF THE ACTION**

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights.

4. Defendant is a limited liability company engaged in the sale and marketing of debt consolidation and financial services to consumers, throughout the United States, including the State of Arizona.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regard to consumers' rights under the TCPA.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that

of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant maintains its principal place of business within this district, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the District of Arizona and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the District of Arizona.

**PARTIES**

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Mahoning County, Ohio.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 3784 (the "3784 Number") that received Defendant's telemarketing text messages.

11. Defendant is an Arizona limited liability company with its principal place of business located at 410 North Scottsdale Road, Suite 1000, Tempe, AZ 85281.

12. Defendant directs, markets, and provides its business activities throughout the United States, including the State of Arizona.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14. Defendant is a limited liability company engaged in the sale and marketing of debt consolidation and financial services to consumers, throughout the United States, including the State of Arizona.

15. On or about July 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 3784 Number, from Defendant's telephone number (870) 825-2345, as shown below:







16. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

17. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's debt consolidation and financial services.

18. The information contained in the text messages advertises Defendant's various services and promotions, which Defendant sends to promote its business.

19. Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violation of the TCPA occurred from within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

20. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

21. Plaintiff has no existing business relationship with Defendant.

22. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

23. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

24. Plaintiff is the subscriber and sole user of the 3784 Number and is financially responsible for it.

25. Plaintiff's 3784 Number is his residential telephone number used for personal purposes. Plaintiff's 3784 Number is his primary way of being contacted in his home.

26. Plaintiff registered his 3784 Number with the National Do Not Call Registry on June 29, 2003, and has been registered at all times relevant to this action.

27. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

28. The text messages originated from the telephone number (870) 825-2345, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

29. On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

30. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

32. Plaintiff brings this case on behalf of a class defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of promoting Defendant's products and services.**

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

34. Upon information and belief, Defendant has sent text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call Registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

35. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call and text message records.

**COMMON QUESTIONS OF LAW AND FACT**

36. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

b) Whether Defendant's conduct was knowing and willful;

c) Whether Defendant violated the privacy rights of Plaintiff and members of the Class;

d) Whether Defendant is liable for damages, and the amount of such damages; and

e) Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

42. Plaintiff repeats and realleges paragraphs 1 through 41 of this Complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. 47 C.F.R. § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

45. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

46. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

47. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

48. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

49. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c) An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Class;

d) An award of actual and statutory damages for Plaintiff and each member of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 23, 2026

Respectfully Submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher Berman*
Christopher Berman (*Pro Hac Vice*)
cberman@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class*